<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **NICOLE SIRAVO,** | Civil Action No. 22-4243 (JMV) (MAH) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| **BROWN & BROWN INSURANCE** and **WILLIAM MACNAIR, et al.** | |
| Defendants. | |

**I.     INTRODUCTION**

This matter comes before the Court by way of Plaintiff Nicole Siravo's motion to remand the action to the Superior Court of New Jersey, Law Division, Essex County.  *See* Brief in Support of Motion to Remand ("Moving Brief"), July 22, 2022, D.E. 7.  The District Court referred this matter to the Undersigned to issue a Report and Recommendation.  This Court has considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons set forth herein, the Court respectfully recommends that the District Court grant Plaintiff's motion to remand and deny Plaintiff's request for attorneys' fees.

**II.    BACKGROUND**

Plaintiff commenced this action on May 24, 2022 in the Superior Court of New Jersey, Law Division, Essex County.  The Complaint alleges two counts: (1) Count One alleges that all Defendants violated the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 *et seq.*, and

(2) Count Two alleges that Defendant Brown & Brown Insurance ("B&B") retaliated against Plaintiff in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-2. Complaint, D.E. 1-2, ¶¶ 29-39.

The allegations set forth below are derived from the Complaint, which the Court must accept as true for purposes of a motion to remand. *Freichs v. Lifestar Response Corp.*, Civ. No. 09-4460, 2009 WL 3754190, at *2 (D.N.J. Nov. 5, 2009). According to the Complaint, B&B is an independent insurance brokerage that, beginning in January 2020, employed Plaintiff as an insurance producer. Complaint, D.E. 1-2, ¶¶ 2, 10. Plaintiff alleges that Defendant William MacNair was the Senior Vice President for B&B and her "boss." *Id.* ¶¶ 4, 11. Plaintiff maintains that Defendant MacNair made discriminatory and otherwise inappropriate comments to and about Plaintiff on a regular basis, including the following:

1. Telling Plaintiff that she was not the "right 'fit'" for B&B because Plaintiff is not white and did not have blonde hair or blue eyes; and

2. Telling Plaintiff that "having sex with a woman who was on her period just provided 'extra lube.'"

*Id.* ¶¶ 12, 14; *see also id*. ¶13 (alleging that Defendant MacNair made sexually inappropriate comments to Plaintiff).

Plaintiff alleges that after a co-worker complained about the conduct, B&B initiated an investigation that included Plaintiff meeting with B&B's Human Resources Manager, Maria Lagowski, on December 7, 2021. *Id.* ¶¶ 18-20. During that meeting, Plaintiff disclosed the discriminatory treatment, particularly Defendant MacNair's alleged conduct toward her. *Id.* ¶ 21. According to Plaintiff, soon after the meeting, she realized that "she was suddenly being ostracized at work." *Id.* ¶ 23. B&B terminated Plaintiff's employment approximately a month later, on January 6, 2022. *Id.* ¶ 24. B&B posited that Plaintiff had violated B&B's policy

concerning issuing insurance for professional employer organizations ("PEOs") and issued an email under the wrong signature. *Id.* ¶ 26. However, Plaintiff claims she did not write policies for PEOs or conduct business with them, and that any referrals from a PEO would have been with the involvement and approval of Defendant MacNair. *Id.* ¶¶ 27-28.

Defendants removed the case to this Court on June 23, 2022. Notice of Removal, D.E. 1. Defendants assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *Id.* ¶ 17. There is no dispute that Plaintiff is a citizen of New Jersey. Complaint, D.E. 1-2, ¶ 1; Notice of Removal, D.E. 1, ¶¶ 1, 7. B&B is a Florida corporation with its principal place of business in Florida. Notice of Removal, D.E. 1, ¶¶ 1, 8. Defendant MacNair is a citizen of New Jersey. *Id.* ¶¶ 1, 9. There also appears to be no dispute that the Complaint seeks damages in excess of $75,000. Finally, there is no federal-question jurisdiction pursuant to 28 U.S.C. § 1331, as the Complaint pleads only state-law causes of action.

Accordingly, the sole issue in this motion to remand is whether Plaintiff fraudulently joined Defendant MacNair in the CEPA claim to defeat diversity, as Defendants contend. *Id.* ¶ 11. In moving to remand, Plaintiff asserts that Defendants have failed to satisfy their burden of proving fraudulent joinder. Moving Brief, D.E. 7, at 10-11, 17. Plaintiff contends that she has adequately plead the factual basis required to name MacNair as an individual defendant under CEPA, specifically that he was a supervisor as CEPA defines that term, that she engaged in protected activity by complaining about MacNair's conduct to B&B's Human Resources Manager, and that soon after complaining, Plaintiff was ostracized at work and terminated. *Id.* at 17. Concerning MacNair's actual involvement in the alleged retaliatory acts, Plaintiff argues that the Complaint adequately alleges that MacNair conjured those pretextual reasons. For that,

Plaintiff relies on the Complaint's allegations that B&B faulted her for writing insurance for PEOs, when, in fact, she never did so, and it was MacNair who approved referrals that B&B had received from PEOs. *Id.*

Defendants argue that Plaintiff has not adequately plead a CEPA claim against Defendant MacNair. Relying chiefly on *McKenna v. Verint Americas Inc.*, Civ. No. 22-2370, 2022 WL 3211422 (D.N.J. 2022), Defendants contend that Plaintiff's bare assertion that "Defendants took adverse employment actions" in response to her complaints about the harassment does not provide sufficient facts to establish MacNair's individual liability as a supervisor. Defendants' Opposition to Plaintiff's Motion to Remand, D.E. 13 ("Opposition Brief"), at 7-8 (quoting Complaint, D.E. 1-2, ¶ 34).[1]

### III.   ANALYSIS

As an initial matter, the Court notes that a decision to remand is dispositive. *In re U.S. Healthcare,* 159 F. 3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). Accordingly, this Court addresses Plaintiff's motion via Report and Recommendation.

---

[1] Defendant also suggests that Plaintiff could have named Maria Lagowski, the Human Resources Manager referenced in the Complaint and a citizen of New York, as an individual defendant because the Complaint alleges that Ms. Lagowski told Plaintiff that she (Plaintiff) could have complained sooner. Opposition Brief, at 10-11. Defendant suggests Plaintiff did not name Ms. Lagowski, and instead named MacNair, to defeat jurisdiction. *Id.* The Court accords no weight to Defendant's suggestion. Passing the issue of whether such a statement, even if issued as a remonstrance, could constitute an adverse employment action, it bears scant relevance in assessing whether Plaintiff fraudulently joined Defendant MacNair.

### A. Diversity

The party seeking removal based on diversity must demonstrate that the matter satisfies the requirements of removal under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441. When jurisdiction is predicated on diversity of citizenship under § 1332, it "requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe,* 448 F.3d 201, 215 (3d Cir. 2006). In most cases, if any plaintiff and any defendant share citizenship, complete diversity will be defeated. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365 (1978); *Grand Union Supermarkets of the Virgin Islands, Inc., v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 410 (3d Cir. 2003).

Here, Plaintiff contends that Defendants' removal is jurisdictionally improper as a lack of complete diversity deprives the Court of subject matter jurisdiction. Defendants argue, however, that the fraudulent joinder exception applies as to non-diverse Defendant MacNair; thus, there is complete diversity.

### B. Fraudulent Joinder

Fraudulent joinder is "an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d at 215-16. If a court finds that joinder of a non-diverse party is not fraudulent, it must remand the case to state court. *Id.* at 216. If, however, the defendant's joinder was fraudulent, the Court may disregard that defendant's citizenship, assume jurisdiction, dismiss the defendant, and then properly retain jurisdiction over the case. *Id.* (citing *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999)).

A fraudulent joinder occurs "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to

5

prosecute the action against the defendants or seek a joint judgment." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (citing *In re Briscoe*, 448 F.3d at 217). Accordingly, a district court assessing an allegation of fraudulent joinder "must rule out any possibility that a state court would entertain the cause before holding that joinder of a non-diverse defendant was fraudulent." *In re Briscoe,* 448 F.3d at 219.

The standard to establish fraudulent joinder is particularly onerous. In *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992), the Third Circuit made clear that the removing party "carries a 'heavy burden of persuasion'" in demonstrating fraudulent joinder, because "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *See also Brown,* 575 F.3d at 326 (noting that party seeking removal bears "a heavy burden of showing that at all stages of the litigation the case is properly before the federal court") (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)). "[I]t is not a district court's role . . . to scrutinize the merits of a claim," or even to determine "whether plaintiff's claims are 'plausible' under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), or Rule 12(b)(6)." *Curley v. Mercury Ins. Servs., LLC*, Civ. No. 21-12259, 2022 WL 445633, at *3 (D.N.J. Feb. 10, 2022) (quoting *McBurnie v. CRC Ins. Servs., Inc.*, Civ. No. 19-20018, 2020 WL 1329917, at *4 (D.N.J. Mar. 23, 2020)). Instead, the court must ask "whether [Plaintiff's claims] are more than 'frivolous.'" *Abbedutto v. Johnson & Johnson,* Civ. No. 17-5724, 2019 WL 3245105, at *2 (D.N.J. July 19, 2019).

When evaluating fraudulent joinder, the court must "focus on the plaintiff's complaint at the time the petition for removal was filed" and "assume as true all factual allegations of the complaint." *Batoff*, 977 F.2d at 851-52 (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). Any questions of the current state of the law must be

resolved in favor of the plaintiff. *In re Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 851-52). A court must avoid "step[ping] from the threshold jurisdictional issue into a decision on the merits" when considering facts outside the pleadings. *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 112 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991). Indeed, in *Batoff*, the Third Circuit concluded that the district court erred by assessing the merits of the plaintiff's claims in conducting the fraudulent joinder analysis, and noted that "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Batoff*, 977 F.2d at 852. *See also In re Briscoe*, 448 F.3d at 218 (quoting *Batoff*, 977 F.2d at 852).

As the District Court noted in *Curley*, "when courts in this district have found fraudulent joinder, 'they have nearly always done so' because the claim was based on a 'legal impossibility,' such as statute of limitations, the absolute litigation privilege, or ripeness." 2022 WL 445633, at *3 (D.N.J. Feb. 10, 2022) (quoting *McBurnie*, 2020 WL 1329917, at *4). In other words, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *In re Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 851-52).

The Court addresses only Count I of Plaintiff's Complaint (CEPA) because Plaintiff's NJLAD claim in Count Two alleges violations solely as against Defendant B&B. Complaint, D.E. 1-2, ¶¶ 36-39.

Under CEPA, it is unlawful for an employer to take "retaliatory action against an employee" because the employee discloses to a supervisor "an activity, policy or practice of the employer . . . that the employee reasonably believes" violates a law, rule, or regulation. N.J.S.A.

7

34:19-3. A supervisor under CEPA is "any individual with an employer's organization who has the authority to direct and control the work performance of the affected employee, who has authority to take corrective action regarding the violation of the law, rule or regulation of which the employee complains. . . ." N.J.S.A. 34:19-2(d). "Retaliatory action," among other things, includes a discharge, or "other adverse employment action taken against an employee in the terms and conditions of employment." N.J.S.A. 34:19-2(e).

The Complaint adequately pleads each of the elements of individual liability under CEPA against Defendant MacNair, such that this Court certainly cannot eliminate the possibility that a state court would entertain Plaintiff's CEPA claim against Defendant MacNair. Stated differently, a review of the Complaint compels the conclusion that there is "a possibility that a state court would find that the complaint states a cause of action against" Defendant MacNair. *In re Briscoe*, 448 F.3d at 217.

Three of the four elements of Plaintiff's CEPA claim against Defendant MacNair are seemingly not at issue. First, the Complaint adequately alleges that Defendant MacNair was Plaintiff's "employer" and "supervisor" under N.J.S.A. 34:19-2(a) and (d). An employer may include an individual who acts on the company's behalf, and who participates in the alleged retaliation. N.J.S.A. 34:19-2(a). A supervisor includes an employee with authority "to direct and control" the plaintiff's work performance. N.J.S.A. 34:19-2(d). Plaintiff more than sufficiently pleads that Defendant MacNair was Plaintiff's employer and supervisor. In fact, Plaintiff alleges that MacNair, in his capacity as Senior Vice President, was her employer under CEPA. Complaint, D.E. 1-2, ¶¶ 4-5. Elsewhere, Plaintiff characterizes MacNair was her "boss." *Id.* ¶ 11. Second, the Complaint satisfactorily pleads that Plaintiff engaged in protected activity when she complained to B&B's Human Resources Manager, Maria Lagowski, about the

discriminatory comments and harassing behavior of Defendant MacNair. *Id.* ¶¶ 19-22. Third, Plaintiff adequately alleges that she suffered retaliatory action after complaining to Maria Lagowski, because B&B terminated her approximately one month after her meeting with Ms. Lagowski, in addition to the ostracization that she perceived following that meeting. *Id.* ¶¶ 19, 23-24.

The principal contention is whether the Complaint sufficiently alleges that Defendant MacNair played a role in the adverse employment action that Plaintiff suffered. Defendant contends that the Complaint does not identify any particular employee who ostracized Plaintiff. Opposition Brief, D.E. 13, at 11. Concerning Plaintiff's termination, Defendants argue that Plaintiff identifies only B&B. *Id.* (quoting Complaint, D.E. 1-2, ¶¶ 25-26). It is true that those paragraphs identify only B&B as having explained the basis for the termination. However, a more complete reading of the Complaint clearly indicates that Defendant MacNair played a role in the termination. At this juncture, it is worth reiterating that the standard in assessing fraudulent joinder differs from, and is more forgiving to the party seeking remand than, a Rule 12(b)(6) motion. *Freichs*, 2009 WL 3754190, at *2. Defendants must establish that there is no possibility that the Complaint states a claim for individual liability under CEPA as against Defendant MacNair. Under *In re Briscoe*, possibility, not plausibility, is the benchmark. *In re Briscoe*, 448 F.3d at 217 (quoting *Batoff,* 977 F.2d at 851-52).

The Complaint asserts that when B&B terminated Plaintiff's employment, it based that decision on (1) her issuing an email with the wrong signature, and (2) her violation of B&B policy in writing insurance for PEOs. Complaint, D.E. 1-2, ¶ 26. But it also alleges that explanation, at least as to the PEOs, was purely pretextual "to cover the clearly retaliatory motive behind the termination of her employment." *Id.* ¶ 25. The Complaint emphasizes that Plaintiff

9

"never wrote or conducted business for any PEO's" and "never gave the PEO's any business." *Id.* ¶¶ 27-28. Instead, that was Defendant MacNair's area of responsibility and authority, in that he approved many referrals that B&B received from PEOs, and that any such PEO referrals would have been with either Defendant MacNair's involvement or knowledge and approval. *Id.* ¶¶ 27-28.

In sum, the Complaint alleges that after Plaintiff complained to Human Resources about Defendant MacNair's discrimination and harassment, B&B terminated her, a month later, on the pretextual basis of blaming her for actions for which she was not involved, and that instead would have necessarily either directly involved Defendant MacNair or been carried out with his full knowledge and approval. Taken as a whole, the Complaint sufficiently alleges that Defendant MacNair participated in the termination of Plaintiff's employment. In short, there is a possibility "that a state court would find that Plaintiff stated a CEPA claim." *Curley*, 2022 WL 445633, at *6 (citing *Batoff*, 977 F.2d at 851).[2]

---

[2] That the Complaint does not recite, in granular detail, the specific actions that Defendant MacNair took to participate in the alleged retaliation does not alter this conclusion. As the court noted in *Curley*:

> The Court must bear in mind that while individual liability requires specific facts pertaining to each individual defendant, prior to discovery, 'a plaintiff cannot be expected to be privy to the inner workings' of the retaliatory actions and decisions individuals made against them, and thus, have allowed plaintiffs to proceed beyond the motion to dismiss stage to discover additional information on the alleged retaliation.

*Curley*, 2022 WL 445633, at *5 (citing, in part, *Tonklinson v. Byrd*, Civ. No. 17-6162, 2018 WL 1919829, at *4 (D.N.J. Apr. 24, 2018) ("Even though Plaintiff will ultimately have the burden of establishing the specific actions of each Defendant in order to impose liability on them, at this point the Court cannot fault Plaintiff for not pleading more specifically who made the decision . . . to terminate Plaintiff, . . . because most of that information is within Defendants' knowledge.")).

Defendants' reliance on *McKenna v. Verint Americas Inc.*, Civ. No. 22-2370, 2022 WL 3211422 (D.N.J. Aug. 9, 2022) is misplaced. In *McKenna*, the plaintiff failed to allege that the non-diverse individual defendant, a co-worker at plaintiff's former employer, had supervisory or any other position of authority over the plaintiff. 2022 WL 3211422, at *6. In fact, the court observed that plaintiff did not allege that the individual defendant was "personally involved in any aspect of Plaintiff's employment, let alone his termination." *Id.*

For the reasons set forth above, the Court concludes that the Complaint adequately pleads a claim under CEPA against Defendant MacNair. Therefore, the Court respectfully recommends that the District Court remand this action to the state court.

**C. Attorneys' Fees**

Finally, the Court considers Plaintiff's application for attorneys' fees. An order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Fees are appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.,* 546 U.S. 132, 141 (2005). Courts maintain broad discretion to award or deny fees, and may grant fee applications regardless of whether removal was in bad faith. *Stephens v. Gentilello,* 853 F. Supp. 2d 462, 471 (D.N.J. 2012). However, "[t]he Supreme Court counsels district courts to only award attorney's fees in 'unusual circumstances' where the 'removing party lacked an objectively reasonable basis for seeking removal.'" *Curley*, 2022 WL 445633, at *6 (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)).

This Court cannot conclude that Defendants' removal was objectively unreasonable. Although Defendants have not met the heavy burden of establishing fraudulent joinder, the Court is satisfied that the notice of removal was objectively reasonable. From the face of the

11

Complaint, Defendants had a good faith basis in challenging Plaintiff's joinder of Defendant MacNair, irrespective of this Court's decision. Absent Defendant MacNair, diversity between the parties would exist in this matter. Therefore, the Undersigned respectfully recommends that Plaintiff's request for attorneys' fees be denied.

### IV.   CONCLUSION

For the reasons set forth above, the Undersigned respectfully recommends that the District Court grant Plaintiff's Motion to Remand. Additionally, the Undersigned recommends that the District Court deny Plaintiff's request for attorneys' fees.

The parties have fourteen days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

*s/ Michael A. Hammer*
**Hon. Michael A. Hammer**
**United States Magistrate Judge**

**DATED:** October 6, 2022